# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDY COOPER,

    **Plaintiff,**

v.                                                                        **Civil No. 5:06cv73**
                                                                       **(Judge Stamp)**

V. TAYLOR,

    **Defendant.**

## REPORT AND RECOMMENDATION RECOMMENDING THE DISMISSAL
## OF THE COMPLAINT FOR THE FAILURE TO STATE A CLAIM

On June 9, 2006, plaintiff initiated this case by filing a civil rights complaint. Plaintiff, an inmate at the Mt. Olive Correctional Center, is proceeding *pro se* and has filed a request to proceed as a pauper. According to the complaint, the defendant is a counselor at Mt. Olive. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### I. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. Analysis

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added) "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In the instant case, plaintiff fails to provide the Court with any grounds for relief. In the three page complaint, under the headings "Statement of Claim" and "Relief," plaintiff states "see attached." However, the Court did not receive any attachments to the complaint. The only information in plaintiff's complaint is the name and addresses of the parties, plaintiff's attempts

---

[1] Id. at 327.

at exhausting his claims, and information on a related lawsuit filed in the Circuit Court of Beckley County. There are absolutely no facts or other information from which this Court can reasonably identify plaintiff's claims. Thus, plaintiff's claims are insufficiently pled and the complaint fails to state a claim for which relief can be granted. Accordingly, the complaint should be dismissed. See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

Additionally, the Court notes that it appears as if the plaintiff should have filed this case in the Southern District of West Virginia. According to the complaint, both the plaintiff and the defendant are located at the Mt. Olive Correctional Center in Fayette County, West Virginia, and the facts giving rise to plaintiff's claims, whatever they may be, presumably occurred at that facility. However, Fayette County is within the jurisdiction of the Southern District of West Virginia. Thus, should plaintiff wish to amend his complaint, such a motion should be denied and plaintiff should be required to refile his claims in the Court with the proper jurisdiction.

### III. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of

the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record.

DATED: July 26, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE