IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDY COOPER,

    Plaintiff,

v.                                             Civil Action No. 5:06CV73
                                                      (STAMP)
V. TYLER,[1]

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING JULY 26, 2006 REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE AND
AFFIRMING AND ADOPTING JULY 27, 2006 REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The *pro se*[2] plaintiff, Randy Cooper, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against a counselor at Mount Olive Correctional Center, as well as a motion to proceed as *in forma pauperis*. This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01, 28 U.S.C. §§ 1915(e) and 1915A.

The magistrate judge issued two reports and recommendations. In the first, he recommended that the plaintiff's complaint be dismissed for failure to state a claim. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any

---

[1]The reports and recommendations are styled, "Randy Cooper v. V. Taylor." This memorandum opinion and order retains the style designated by the plaintiff in his complaint.

[2]"*Pro se*" describes a person who represents himself in a court proceeding without the assistance of a lawyer. *Black's Law Dictionary* 1237 (7th ed. 1999).

party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed timely objections.

In the second report and recommendation, the magistrate judge recommended that, in light of his recommendation to dismiss the plaintiff's complaint, the plaintiff's motion for leave to proceed in forma pauperis be denied as moot. Again, the magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. Neither party filed objections.

For the reasons set forth below, this Court finds that both of the magistrate judge's reports and recommendations should be affirmed and adopted in their entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

Here, because the plaintiff filed objections to the first report and recommendation, this Court will review that report and recommendation de novo. Because no objections were filed to the second report and recommendation, this Court will review that report and recommendation for clear error.

III. Discussion

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA, the terms are not identical. As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The standard for determining failure to state a claim for the purpose of a PLRA dismissal is identical to the one in Federal Rule of Civil Procedure 12(b)(6). See Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (noting that "failure to state

3

a claim" language in the PLRA parallels that of Rule 12(b)(6)). Accordingly, under that standard, courts must accept the material facts alleged in the complaint as true, and not dismiss the complaint unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

On the other hand, a frivolous action is one that "lacks an arguable basis in either law or fact." Neitzke, 490 U.S. at 325. In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless" factual allegations as true. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In this case, the magistrate judge recommended that the plaintiff's complaint be dismissed for failure to state a claim. The magistrate judge found that the complaint contains insufficient allegations to ascertain the plaintiff's claims. This Court agrees. The plaintiff's complaint includes only the parties' names and addresses, the plaintiff's attempts at exhausting his claims, and information on a related lawsuit filed in the Circuit Court of

Beckley County, West Virginia. This information forms an inadequate basis for determining the plaintiff's cause or causes of action. Accordingly, following a de novo review of the record, this Court finds that the plaintiff's complaint must be dismissed for failure to state a claim. Thus, the plaintiff's objections to the magistrate judge's report and recommendation are hereby overruled.

Moreover, it appears to this Court that the plaintiff should have filed his complaint in the Southern District of West Virginia. Whatever the plaintiff's claims may be, the facts giving rise to such claims presumably occurred at the Mount Olive Correctional Center, Fayette County, West Virginia, where both the plaintiff and the defendant are located. Fayette County is located within the jurisdiction of the Southern District of West Virginia. Accordingly, should the plaintiff refile his claims, he is required to file them in the court with the proper jurisdiction.

Finally, this Court finds no clear error in the magistrate judge's second report and recommendation that, given his recommendation to dismiss the plaintiff's complaint, the plaintiff's motion to proceed in forma pauperis also be denied as moot.

## IV. Conclusion

Based upon a de novo review, this Court finds that the magistrate judge's two reports and recommendations in this action should be, and are hereby, AFFIRMED and ADOPTED in their entirety.

Accordingly, for the reasons set forth above, the plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Furthermore, the plaintiff's motion for leave to proceed in forma pauperis is DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: May 21, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE